UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

    Plaintiff,

v.

Case No. 10-12772

Honorable Patrick J. Duggan

THE FOURMIDABLE GROUP, INC. and
CITY OF DETROIT,

    Defendants.
    _____/

## OPINION AND ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT

Plaintiff Kirk Leaphart filed this pro se civil rights action on July 14, 2010. Plaintiff has submitted an application to proceed in forma pauperis, which this Court grants. After reviewing Plaintiff's complaint, the Court dismisses Plaintiff's action sua sponte.

When a court allows a plaintiff to proceed in forma pauperis, the court must dismiss the action if: "(A) the allegation of poverty is untrue; or (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A case is subject to screening under section 1915(e)(2) from the moment it is filed, even if process has not been served or the plaintiff has not had an opportunity to amend the complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007)).

Plaintiff's complaint arises from a separate action alleging injuries from bed bug infestation that he filed against The Fourmidable Group, Inc. ("Fourmidable") and the Detroit Housing Commission in the Wayne County Circuit Court. Plaintiff claims in the current case that Fourmidable and the City of Detroit ("City") conspired to and did deny Plaintiff his right to a fair trial in the state court action in violation of 42 U.S.C. §§ 1983 and 1985 when Fourmidable "filed its witness list in the lower court action that named defendant City of Detroit as its witness that just so happened to be an attorney who claimed the City of Detroit as a non-party to the lower court case at the time of its commencement." (Compl. ¶ 8.) Fourmidable's witness list in the state court action, which names an attorney employed by the City as a witness, is cited by Plaintiff and attached to his complaint as the factual basis for this claim. (*Id*. Exs. 2, 3.)

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court must accept all well-pleaded factual allegations as true when considering whether to dismiss a complaint for failure to state a claim. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998). A complaint should be dismissed if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955, 1974 (2007). A pro se complaint is to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007). Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d

434, 436 (6th Cir. 1988)).

Even assuming the factual basis of Plaintiff's complaint to be true and construing his complaint liberally, the Court finds that he fails to state a claim on which relief may be granted. Plaintiff has not alleged how Fourmidable's naming of a City employee as a witness would constitute an act under color of law that would deprive him of his federal constitutional or statutory rights. *See* 42 U.S.C. § 1983. Nor has Plaintiff pled facts to support his claim of a conspiracy between Fourmidable and the City. *See* 42 U.S.C. § 1985. Because Plaintiff has failed to state a valid claim on which relief may be granted, the claim must be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

DATE: July 26, 2010

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copy to:
Kirk Leaphart
877 Clairmount
Detroit, MI 48202