UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

      Plaintiff,

v.

THE FOURMIDABLE GROUP, INC. and
CITY OF DETROIT,

      Defendants.
_____/

Case No. 10-12772

Honorable Patrick J. Duggan

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 14, 2010, Plaintiff filed a pro se civil rights action which this Court summarily dismissed on July 26, 2010 pursuant to 28 U.S.C. § 1915(e)(2). The Court found that Plaintiff failed to state a claim in his complaint upon which relief may be granted because he neither alleged how Defendant The Fourmidable Group, Inc.'s alleged misconduct constituted an act under color of law that would support a claim under 42 U.S.C. § 1983 nor pled facts to support a claim of conspiracy between Defendants. Presently before the Court is Plaintiff's motion for reconsideration filed August 4, 2010.

The Local Rules for the Eastern District of Michigan provide that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h). A motion that merely presents the same issues already ruled upon by the Court shall not be granted.

*Id*.

Plaintiff lists two grounds in support of his motion for reconsideration. First, Petitioner asserts that the Court applied a heightened, more stringent pleading standard to his § 1983 claim. Second, Plaintiff states that the allegations in his complaint state claims under § 1983 and 42 U.S.C. § 1985. Plaintiff does not elaborate further on either ground for relief.

Plaintiff fails to convince the Court that it erred in summarily dismissing his complaint. The Court applied the pleading standard required under Federal Rule of Civil Procedure 8 and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955 (2007), but also construed Plaintiff's *pro se* complaint liberally and held it to less stringent standards than pleadings filed by lawyers. The Court also accepted Plaintiff's factual allegations in his complaint as true. However, the factual allegations that Plaintiff included in his complaint failed to set forth viable claims under §§ 1983 or 1985.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.


DATE: August 12, 2010                    PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copy to:
Kirk Leaphart
877 Clairmount
Detroit, MI 48202

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

    Plaintiff,

Case No. 10-12772

v.

Honorable Patrick J. Duggan

THE FOURMIDABLE GROUP, INC. and
CITY OF DETROIT,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On July 14, 2010, Plaintiff filed a pro se civil rights action which this Court summarily dismissed on July 26, 2010 pursuant to 28 U.S.C. § 1915(e)(2). The Court found that Plaintiff failed to state a claim in his complaint upon which relief may be granted because he neither alleged how Defendant The Fourmidable Group, Inc.'s alleged misconduct constituted an act under color of law that would support a claim under 42 U.S.C. § 1983 nor pled facts to support a claim of conspiracy between Defendants. Presently before the Court is Plaintiff's motion for reconsideration filed August 4, 2010.

The Local Rules for the Eastern District of Michigan provide that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h). A motion that merely presents the same issues already ruled upon by the Court shall not be granted.

*Id*.

Plaintiff lists two grounds in support of his motion for reconsideration. First, Petitioner asserts that the Court applied a heightened, more stringent pleading standard to his § 1983 claim. Second, Plaintiff states that the allegations in his complaint state claims under § 1983 and 42 U.S.C. § 1985. Plaintiff does not elaborate further on either ground for relief.

Plaintiff fails to convince the Court that it erred in summarily dismissing his complaint. The Court applied the pleading standard required under Federal Rule of Civil Procedure 8 and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955 (2007), but also construed Plaintiff's *pro se* complaint liberally and held it to less stringent standards than pleadings filed by lawyers. The Court also accepted Plaintiff's factual allegations in his complaint as true. However, the factual allegations that Plaintiff included in his complaint failed to set forth viable claims under §§ 1983 or 1985.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.


DATE: August 12, 2010					PATRICK J. DUGGAN
							UNITED STATES DISTRICT JUDGE

Copy to:
Kirk Leaphart
877 Clairmount
Detroit, MI 48202

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

    Plaintiff,

v.

THE FOURMIDABLE GROUP, INC. and
CITY OF DETROIT,

    Defendants.
_____/

Case No. 10-12772

Honorable Patrick J. Duggan

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 14, 2010, Plaintiff filed a pro se civil rights action which this Court summarily dismissed on July 26, 2010 pursuant to 28 U.S.C. § 1915(e)(2). The Court found that Plaintiff failed to state a claim in his complaint upon which relief may be granted because he neither alleged how Defendant The Fourmidable Group, Inc.'s alleged misconduct constituted an act under color of law that would support a claim under 42 U.S.C. § 1983 nor pled facts to support a claim of conspiracy between Defendants. Presently before the Court is Plaintiff's motion for reconsideration filed August 4, 2010.

The Local Rules for the Eastern District of Michigan provide that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h). A motion that merely presents the same issues already ruled upon by the Court shall not be granted.

*Id*.

Plaintiff lists two grounds in support of his motion for reconsideration. First, Petitioner asserts that the Court applied a heightened, more stringent pleading standard to his § 1983 claim. Second, Plaintiff states that the allegations in his complaint state claims under § 1983 and 42 U.S.C. § 1985. Plaintiff does not elaborate further on either ground for relief.

Plaintiff fails to convince the Court that it erred in summarily dismissing his complaint. The Court applied the pleading standard required under Federal Rule of Civil Procedure 8 and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955 (2007), but also construed Plaintiff's *pro se* complaint liberally and held it to less stringent standards than pleadings filed by lawyers. The Court also accepted Plaintiff's factual allegations in his complaint as true. However, the factual allegations that Plaintiff included in his complaint failed to set forth viable claims under §§ 1983 or 1985.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

DATE: August 12, 2010          PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copy to:
Kirk Leaphart
877 Clairmount
Detroit, MI 48202

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

      Plaintiff,

                                                    Case No. 10-12772

v.

                                                    Honorable Patrick J. Duggan

THE FOURMIDABLE GROUP, INC. and
CITY OF DETROIT,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On July 14, 2010, Plaintiff filed a pro se civil rights action which this Court summarily dismissed on July 26, 2010 pursuant to 28 U.S.C. § 1915(e)(2). The Court found that Plaintiff failed to state a claim in his complaint upon which relief may be granted because he neither alleged how Defendant The Fourmidable Group, Inc.'s alleged misconduct constituted an act under color of law that would support a claim under 42 U.S.C. § 1983 nor pled facts to support a claim of conspiracy between Defendants. Presently before the Court is Plaintiff's motion for reconsideration filed August 4, 2010.

The Local Rules for the Eastern District of Michigan provide that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h). A motion that merely presents the same issues already ruled upon by the Court shall not be granted.

*Id*.

Plaintiff lists two grounds in support of his motion for reconsideration. First, Petitioner asserts that the Court applied a heightened, more stringent pleading standard to his § 1983 claim. Second, Plaintiff states that the allegations in his complaint state claims under § 1983 and 42 U.S.C. § 1985. Plaintiff does not elaborate further on either ground for relief.

Plaintiff fails to convince the Court that it erred in summarily dismissing his complaint. The Court applied the pleading standard required under Federal Rule of Civil Procedure 8 and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955 (2007), but also construed Plaintiff's *pro se* complaint liberally and held it to less stringent standards than pleadings filed by lawyers. The Court also accepted Plaintiff's factual allegations in his complaint as true. However, the factual allegations that Plaintiff included in his complaint failed to set forth viable claims under §§ 1983 or 1985.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.


DATE: August 12, 2010               PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copy to:
Kirk Leaphart
877 Clairmount
Detroit, MI 48202

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

    Plaintiff,

v.

THE FOURMIDABLE GROUP, INC. and
CITY OF DETROIT,

    Defendants.
                               /

Case No. 10-12772

Honorable Patrick J. Duggan

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 14, 2010, Plaintiff filed a pro se civil rights action which this Court summarily dismissed on July 26, 2010 pursuant to 28 U.S.C. § 1915(e)(2). The Court found that Plaintiff failed to state a claim in his complaint upon which relief may be granted because he neither alleged how Defendant The Fourmidable Group, Inc.'s alleged misconduct constituted an act under color of law that would support a claim under 42 U.S.C. § 1983 nor pled facts to support a claim of conspiracy between Defendants. Presently before the Court is Plaintiff's motion for reconsideration filed August 4, 2010.

The Local Rules for the Eastern District of Michigan provide that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h). A motion that merely presents the same issues already ruled upon by the Court shall not be granted.

*Id*.

Plaintiff lists two grounds in support of his motion for reconsideration. First, Petitioner asserts that the Court applied a heightened, more stringent pleading standard to his § 1983 claim. Second, Plaintiff states that the allegations in his complaint state claims under § 1983 and 42 U.S.C. § 1985. Plaintiff does not elaborate further on either ground for relief.

Plaintiff fails to convince the Court that it erred in summarily dismissing his complaint. The Court applied the pleading standard required under Federal Rule of Civil Procedure 8 and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955 (2007), but also construed Plaintiff's *pro se* complaint liberally and held it to less stringent standards than pleadings filed by lawyers. The Court also accepted Plaintiff's factual allegations in his complaint as true. However, the factual allegations that Plaintiff included in his complaint failed to set forth viable claims under §§ 1983 or 1985.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.


DATE:  August 12, 2010                    PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copy to:
Kirk Leaphart
877 Clairmount
Detroit, MI 48202

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

    Plaintiff,

v.

THE FOURMIDABLE GROUP, INC. and
CITY OF DETROIT,

    Defendants.
_____/

Case No. 10-12772

Honorable Patrick J. Duggan

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 14, 2010, Plaintiff filed a pro se civil rights action which this Court summarily dismissed on July 26, 2010 pursuant to 28 U.S.C. § 1915(e)(2). The Court found that Plaintiff failed to state a claim in his complaint upon which relief may be granted because he neither alleged how Defendant The Fourmidable Group, Inc.'s alleged misconduct constituted an act under color of law that would support a claim under 42 U.S.C. § 1983 nor pled facts to support a claim of conspiracy between Defendants. Presently before the Court is Plaintiff's motion for reconsideration filed August 4, 2010.

The Local Rules for the Eastern District of Michigan provide that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h). A motion that merely presents the same issues already ruled upon by the Court shall not be granted.

*Id*.

Plaintiff lists two grounds in support of his motion for reconsideration. First, Petitioner asserts that the Court applied a heightened, more stringent pleading standard to his § 1983 claim. Second, Plaintiff states that the allegations in his complaint state claims under § 1983 and 42 U.S.C. § 1985. Plaintiff does not elaborate further on either ground for relief.

Plaintiff fails to convince the Court that it erred in summarily dismissing his complaint. The Court applied the pleading standard required under Federal Rule of Civil Procedure 8 and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955 (2007), but also construed Plaintiff's *pro se* complaint liberally and held it to less stringent standards than pleadings filed by lawyers. The Court also accepted Plaintiff's factual allegations in his complaint as true. However, the factual allegations that Plaintiff included in his complaint failed to set forth viable claims under §§ 1983 or 1985.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.


DATE:  August 12, 2010               PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copy to:
Kirk Leaphart
877 Clairmount
Detroit, MI 48202